[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed the reassessment of a parcel of commercial property located in Wallingford at 46-48 North Plains Industrial Road.
While the appraisals in such appeals are customarily at some variance with one another, those in this case are light years apart. The plaintiff's appraisal is $500,000, the defendant's, $875,000.
The plaintiff's appraiser testified that he utilized all three recognized appraisal approaches — cost, sales comparison, and income capitalization. The town's appraiser used the latter two approaches, stating the cost approach was not appropriate for the property in this dispute.
Both appraisers used their discretion, particularly in choosing comparable sales, capitalization rates, and effective ages, in arriving at projected income figures. In examining the sales comparables utilized by the appraisers, the court notes that the plaintiff's appraiser used four sales. Of these, only the first is clearly an arm's length transaction under normal market conditions. Sales number two was a sale by a bank which had foreclosed on the property and which was soon dissolved because of its weak financial position. The remaining two sales were consummated only days apart by the same grantors. Though they purport to be arm's length transactions, number four is suspect as such because an owner admitted "the property was going to be foreclosed. . . ." He went on to say the sale represented market value. Number three was sold for $280,000, with a $250,000 mortgage.
The defendant's appraiser has utilized only one comparable sale in common with the plaintiff, his sale number one being the plaintiff's number two. Both appraisers regarded this as an arm's length transaction.
An examination of the sales history of the property is illuminating. In April of 1989 it was purchased by an "investment group", for $1,175,000. Utilizing the chart of "Industrial Sales: New Haven County" provided in the plaintiff's appraisal, the price per square foot between 1989 and 1991 declined by more than CT Page 8039 20% but less than 30% (said chart not lending itself to a precise estimate). Accepting this chart as a valid measuring device as the plaintiff has urged the court, and assuming a 30% decline, this would leave a net market value of $822,500 in 1991. Transactions between the investors between 1989 and 1991 are ignored as unreliable for the purposes of this demonstration and this computation is certainly not the sole factor to be relied on by the court. It does reflect a further flaw in the plaintiff's claim as to the real market value in 1991.
After a close examination of both appraisals and the testimony of their authors, it is the conclusion of the court that the town's presentation is the better reasoned and logical one. The court finds its appraiser's testimony convincing.
The plaintiff having failed to sustain its burden of proof, the court finds the fair market value of the property to be the figure advanced by the town $850,600.
Anthony V. DeMayo Judge Trial Referee.